IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| JOHN P. RAYNOR, | ) | |
| | ) | CASE NO. BK04-83112-TJM |
| Debtor(s). | ) | A09-8015-TJM |
| DENNIS L. WALKER, et al., | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN P. RAYNOR, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Hearing was held in Omaha, Nebraska, on June 29, 2009, on the debtor-defendant's amended motion to dismiss the adversary proceeding (Fil. #6) and objection by the plaintiffs (Fil. #9). Robert Craig and Jenna Taub appeared for the debtor-defendant, and Diana Vogt appeared for the plaintiff.

The plaintiffs filed this adversary proceeding on March 9, 2009, alleging that certain debts were non-dischargeable due to fraud, fraudulent misrepresentation, and breach of fiduciary duty. They assert that the debtor-defendant made material representations to plaintiff Dennis Walker, inducing him to invest money in 1998 in a limited liability corporation formed to purchase a small manufacturing business in Oregon. In 2002, Mr. Walker guaranteed a loan that was to be used to pay off the original loan. In 2008, that 2002 loan was purchased by another bank and Mr. Walker signed a new promissory note. He alleges that he was told by Mr. Raynor that each of the five members of the limited liability corporation would guarantee the note. Instead, only three of the five signed the guarantee. Mr. Walker alleges that Mr. Raynor made false statements and material misrepresentations to him about the condition of the manufacturing business they purchased, and about the use of the proceeds of the loans taken out by the limited liability corporation. He further alleges that Mr. Raynor breached his fiduciary duties to the other members of the limited liability corporation. Mr. Walker asserts that he was unable to gain access to the L.L.C.'s books and records until late spring of 2008 and thus did not discover the financial situation prior to that time.

The bankruptcy case was filed on September 13, 2004, as a Chapter 11. It was converted to a Chapter 7 on June 2, 2005, and the discharge was entered on October 12, 2005.

Mr. Raynor argues that the adversary complaint was not timely filed, as the deadline for filing complaints to determine dischargeability of a debt expired on September 5, 2005. Mr. Walker contends that he could not have filed the complaint by the deadline as he did not have proper notice of the bankruptcy case. The Bankruptcy Code excepts from discharge debts that are not properly

listed or scheduled in time to permit the creditor to timely file a proof of claim and request a determination of dischargeability of the debt under 11 U.S.C. § 523(a)(2), (4), or (6), "unless such creditor had notice or actual knowledge of the case in time for such timely filing and request." 11 U.S.C. § 523(a)(3)(B).

Mr. Raynor's affidavit, placed into evidence at the hearing, unequivocally states that he personally informed Mr. Walker and the other members of the L.L.C. of his bankruptcy filing in September 2004. This evidence is uncontroverted. Therefore, Mr. Walker had actual knowledge of the case in time to permit filing of a timely complaint to determine dischargeability but did not do so. Therefore, the plaintiffs' complaint is not timely filed.

However, Mr. Walker alleges that he was induced by Mr. Raynor to sign a new promissory note in 2008. This is a post-discharge transaction. The entry of the bankruptcy discharge voids any personal liability the debtor may have had for any pre-petition debts. 11 U.S.C. § 524. However, the 2008 transaction arguably may be a separate instance of alleged fraud and/or misrepresentation, which the plaintiffs may pursue in state court. This court is expressing no opinion regarding the viability of that action. The adversary complaint will be dismissed, and the parties may take such further action in the state court as they believe is warranted.

IT IS ORDERED: The debtor-defendant's amended motion to dismiss the adversary proceeding (Fil. #6) is granted.

DATED:    June 30, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Robert Craig
    Jenna Taub
    Diana Vogt
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.