IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK04-83112-TJM |
| ) | A09-8015-TJM |
| JOHN PATRICK RAYNOR, ) | |
| ) | CH. 7 |
| Debtor(s). ) | |
| DENNIS WALKER, An individual and on ) | |
| behalf of A & G Precision Parts, L.L.C. and ) | |
| A & G Precision Parts Finance, L.L.C. et al.,) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOHN PATRICK RAYNOR, an individual ) | |
| and as managing member of A & G ) | |
| Precision Parts, L.L.C. and A & G Precision ) | |
| Parts Finance, L.L.C., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court regarding Fil. #53, Motion for Interpretation and/or Clarification of This Court's Orders, filed by Defendant, and Fil. #55, Resistance to Motion for Clarification of Prior Orders, filed by Plaintiffs. Plaintiffs are represented by Diana J. Vogt and James D. Sherrets, and Defendant John Patrick Raynor is pro se.

At Fil. #53, the Defendant, John P. Raynor ("Raynor"), moves the court to interpret and/or clarify three orders entered in the bankruptcy case and two different adversary proceedings. Plaintiff Dennis L. Walker resists such motion.

After reviewing the motion, the attachments thereto, the resistance, and the response, I will grant the motion in part.

There is ongoing litigation between Plaintiff Walker and Defendant Raynor in the state court concerning refinancing a debt of A & G Precision Parts, L.L.C., and A & G Precision Parts Finance, L.L.C. ("A & G"). When the original note was entered into with Five Points Bank in 2002, the debtor, as a member of the L.L.C. and perhaps individually, and Mr. Walker and others signed the debt instrument either as a co-maker or as a guarantor.

Raynor filed a Chapter 11 bankruptcy in 2004 and that case was converted to a Chapter 7 bankruptcy in 2005. He received a discharge of his obligation on the Five Points Bank debt, as well as other obligations.

In 2006, Raynor and others refinanced the Five Points Bank debt with a new debt instrument to Five Points Bank and personal guarantees.

In 2008, the debtor, in his capacity as a member of the L.L.C. and as managing member,

executed, along with Walker and others, a new promissory note made payable to First State Bank which paid off the Five Points Bank note.

In February of 2009, First State Bank sued Walker, Raynor and others on the note in state court..

This adversary proceeding, in which this order is being entered, was opened as a result of the filing of March 9, 2009, complaint by Walker and Walker acting through A & G to set aside Raynor's discharge. The court dismissed this adversary proceeding on July 1, 2009. The adversary proceeding was recently reopened at Raynor's request to deal with a motion for contempt for violating Raynor's bankruptcy discharge concerning actions by Walker and his counsel which arose in the state court proceeding.

Raynor filed an adversary proceeding against First State Bank on October 19, 2009, which the court dismissed on January 11, 2010, finding that the bankruptcy discharge injunction did not apply to the First State Bank litigation because the First State Bank debt was incurred after the discharge injunction was entered.

Walker is now the owner of the First State Bank note.

After he became the owner of the First State Bank note, Walker filed a second amended complaint in the state court and sued Raynor. According to Raynor, at paragraph 19 of this motion, Walker continues to assert his interpretation of the First State Bank dismissal order to foreclose Raynor's opportunity to raise the October 2005 discharge, whether collaterally or directly in defense of the state court action.

Raynor requests the following relief:

(a) a factual finding that Raynor was not an owner of A & G in 2005, 2006, 2007, 2008 and 2009, by reason of the operation of the bankruptcy law coupled with the trustee's asset claim;

(b) that the July 1, 2009, Walker dismissal order and the January 11, 2010, First State Bank dismissal orders did not foreclose Raynor's opportunity to raise these facts in the state court action;

(c) that the refinancing of a discharged obligation standing alone cannot, as a matter of law, constitute legal consideration that runs to the person of Raynor pursuant to 11 U.S.C. § 524(c); and

(d) that the July 1, 2009, Walker dismissal order and the January 11, 2010, First State Bank dismissal order did not foreclose Raynor's opportunity to raise these facts in the state court action.

On the request for relief, I enter the following limited clarification:

(a) Upon the filing of the bankruptcy petition in 2004, Raynor's interest in A & G became the property of the bankruptcy estate. Upon the appointment of a Chapter 7 trustee, Richard Myers, in 2005, Mr. Myers, as trustee, became the real

party in interest with regard to Raynor's A & G interests. Raynor was not an owner of A & G in 2005, 2006, 2007, 2008, or 2009, and is not now an owner of A & G because the trustee's interest has not been administered or abandoned.

(b) The July 1, 2009, dismissal order dealt only with whether Walker had timely notice of Raynor's bankruptcy case and whether, if he did not, the discharge order should be set aside as to him. The 2010 First State Bank dismissal order dealt only with whether the obligation Raynor incurred by executing the First State Bank loan documents, was a post-petition, post-discharge obligation not affected by the discharge. In neither situation was there raised any issue concerning mistake of law or mistake of fact. Respecting the state court judge's ability to determine whether, and which, if any, affirmative defenses should be allowed in the state court collection action, I decline to comment further on that issue.

(c) Assuming that this portion of the request for relief deals with the refinanced Five Points Bank debt, the refinanced obligation of Five Points Bank was unenforceable against Raynor because the reaffirmation process was not followed.

(d) I refer the reader to paragraph (b) above.

IT IS ORDERED that Fil. #53, Defendant's Motion for Interpretation and/or Clarification of This Court's Orders, is granted in part as set forth above.

DATED:     April 17, 2012

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Diana J. Vogt
    James D. Sherrets
    *John Patrick Raynor
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.